UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHARLES MACON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JEFF LYNCH, Acting Warden,<br><br>　　　　　Respondent. | Case No. 2:21-CV-06857 JAK (KES)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MIXED |

## I.
## BACKGROUND

On August 16, 2021, David Charles Macon ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].) Petitioner challenges his conviction for robbery and carjacking. (Id. at 2.[1]) The Petition raises the following grounds for relief: (1) insufficient evidence supporting the gang enhancements, (2) failure to properly instruct the jury on the elements of carjacking, (3) conviction resulted in a fundamental miscarriage of justice, (4) ineffective assistance of trial counsel,

---

[1] Page citations refer to pagination imposed by the Court's electronic filing system.

1

(5) Petitioner is actually innocent of robbery, (6) state court imposed an illegal and unconstitutional sentence, (7) combined effect of trial errors violated Petitioner's right to due process. (Id. at 16).

## II.

## LEGAL STANDARD

The United States Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982). If all or some of the claims have not been exhausted, then the petition is subject to dismissal. Id.

To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). Exhaustion requires that a petitioner's claims be fairly presented to the highest court in a state court system even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845–47 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a petition to allow a petitioner

to exhaust his claims in state court without running afoul of AEDPA's one-year statute of limitations period. Id. at 273–75. A district court may stay a petition if: (1) the petitioner has good cause for his failure to exhaust his claims; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. Id. at 278.

Alternatively, the Court may grant a stay under Kelly v. Small, 315 F.3d 1143 (9th Cir. 2003), which does not have the Rhines "good cause" requirement. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A Kelly stay and abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner must subsequently seek to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." Id. at 1135. Under Kelly, however, the petitioner is only allowed to amend newly-exhausted claims back into his federal petition if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending petition. Id. at 1140–41; see also Mayle v. Felix, 545 U.S. 644, 662-64 (2005); Stein v. Director of Corrections, No. 05-1592, 2009 U.S. Dist. LEXIS 114016, 2009 WL 4755727 (E.D. Cal. Dec. 8, 2009).

### III.
### DISCUSSION

Some of the grounds raised in the present Petition appear to be unexhausted. While Grounds One and Two were raised in the California Court of Appeal on direct appeal, Petitioner did not file a petition for review in the California Supreme Court. (Pet. at 2–3.) Further, Grounds Six and Seven have not been presented to the state courts. (Id. at 2–4.)

## IV.
## CONCLUSION

IT IS HEREBY ORDERED that, on or before September 30, 2021, Petitioner is ordered to show cause why the Petition should not be dismissed as mixed. In response to this Order to Show Cause, Petitioner should do **one** of the following:

(1) State that Petitioner would like to proceed only with the exhausted claims (Grounds 3, 4, and 5),

(2) Explain when/how Petitioner believes Grounds 1, 2, 6, and 7 were exhausted in state court, or

(3) File a motion to stay this action, to permit him to return to state court to exhaust Grounds 1, 2, 6, and 7. As discussed above, a stay may be available under Rhines v. Weber, 544 U.S. 269 (2005), if Petitioner can show "good cause" for his failure to exhaust his claims earlier, or under Kelly v. Small, 315 F.3d 1143 (9th Cir. 2003).

DATED: August 30, 2021

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE